UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEO RAYMOND SAUSEDO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>J. CHOATE, Warden,<br><br>　　　　Respondent.<br>_____/ | No. C 12-1636 RS (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid. **The petition appears to be untimely under § 2254. Respondent is directed to consider first if the petition is in fact untimely. If it is, respondent may file a motion to dismiss on such grounds, though he is not required to do so.**

## BACKGROUND

According to the petition, in 2008, a Santa Clara County Superior Court jury convicted petitioner of spousal rape, inflicting corporal injury on a spouse, and violating a

No. C 12-1636 RS (PR)
ORDER TO SHOW CAUSE

protective order. In consequence, petitioner was sentenced to 6 years in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the trial court denied him the right to cross-examine a witness sufficiently; and (2) defense counsel rendered ineffective assistance. When liberally construed, these claims are cognizable on federal habeas review.

The petition appears to be untimely under § 2254. According to the petition, state judicial review concluded in 2010, but the instant petition was not filed until 2012. Respondent is directed to consider first if the petition is in fact untimely. If it is, respondent may file a motion to dismiss on such grounds, though he is not required to do so.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer

and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

DATED: July 30, 2012

RICHARD SEEBORG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LEO RAYMOND SAUSEDO,

    Plaintiff,

v.

J. CHOATE et al,

    Defendant.

Case Number: CV12-01636 RS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leo R. Sausedo G-41340
Golden State Modified Community Correctional Facility
P.O. Box 1577
McFarland, CA 93250

J. Choate, Warden (Certified mail)
Correctional Training Facility
P. O. Box 705
Soledad, CA 93960

Office of the Attorney's General (Certified mail)
Correctional Law Section
455 Golden Gate, #11000
San Francisco, CA 94102

Dated: July 30, 2012

Richard W. Wieking, Clerk
By: Betty Lee, Deputy Clerk