*E-Filed 3/18/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LEO RAYMOND SAUSEDO,

    Petitioner,

    v.

J. CHOATE, Warden,

    Respondent.

No. C 12-1636 RS (PR)

**ORDER REOPENING ACTION;**

**ORDER TO SHOW CAUSE**

### INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The petition for such relief was dismissed for failure to prosecute. Petitioner has submitted a motion for reconsideration (Docket No. 9), which the Court construes as a motion to reopen the action. So construed, the motion is GRANTED. The action is hereby REOPENED and the Clerk is directed to do so. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid. **Respondent shall file an answer or a dispositive motion on or before June 18, 2013.**

No. C 12-1636 RS (PR)
ORDER TO SHOW CAUSE

## BACKGROUND

According to the petition, in 2008, a Santa Clara Superior Court jury convicted him of spousal rape, inflicting corporal injury on a spouse, and violating a protective order. Consequent to his convictions, petitioner received a sentence of 6 years in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the trial court violated his right to due process by limiting his cross-examination of a witness; and (2) defense counsel rendered ineffective assistance. Liberally construed, these claims appear to be cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have

1 been transcribed and that are relevant to a determination of the issues presented by the
2 petition.

3     3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse
4 with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the
5 answer is filed.

6     4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this
7 order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
8 Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files
9 such a motion, petitioner shall file with the Court and serve on respondent an opposition or
10 statement of non-opposition within **thirty (30)** days of the date the motion is filed, and
11 respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of
12 the date any opposition is filed.

13     5. Petitioner is reminded that all communications with the Court must be served on
14 respondent by mailing a true copy of the document to respondent's counsel.

15     6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
16 Court and respondent informed of any change of address and must comply with the Court's
17 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
18 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

19     7. Upon a showing of good cause, requests for a reasonable extension of time will be
20 granted provided they are filed on or before the deadline they seek to extend.

21     8. The Clerk shall terminate Docket No. 9.

22 **IT IS SO ORDERED**.

23 DATED: March 18, 2013

                    RICHARD SEEBORG
24                 United States District Judge